FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ OCT 28 2011 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
PRANANNA W. GOONEWARDENA,

        Plaintiff,

  -against-

NORTH SHORE LONG ISLAND JEWISH
HEALTH SYSTEM, THE ZUCKER HILLSIDE
HOSPITAL, LUDMILA P. DAHSEVSKY,
Psychiatrist, TINA WALSH, Psychiatrist, PAULINA
WALFISCH, Program Director, MAHENDRA AIREN,
Psychiatrist, JOHN KANE, Chairman, IN SOON YANG,
Walk-in-clinic nurse, MICHAEL LEVENE,

        Defendants.

------------------------------------------------------------X

**ORDER**

**11-CV-2456 (NGG) (LB)**

NICHOLAS G. GARAUFIS, United States District Judge.

Plaintiff Prananna W. Goonewardena, who is pro se, submits a motion (not yet docketed) the court pursuant to Rule 60 of the Federal Rules of Civil Procedure for the court to reconsider its October 19, 2011 order ("Order") (Docket Entry # 70) adopting Magistrate Judge Lois Bloom's order (Docket Entry # 57) denying Goonewardena's request to schedule a conference so that he could play an audio tape.

Goonewardena's motion is baseless. Goonewardena does not argue that the Order resulted from his own neglect or mistake, see Rule 60(b)(1),[1] and he neither points to newly discovered evidence that bears on the Order, see Rule 60(b)(2), nor alleges fraud by the defendants, see Rule 60(b)(3). Rather, Goonewardena's motion is in substance little more than a

---

[1] Goonewardena argues that "Your Honor's order dated Oct 19, 2011 [sic] is a mistake, inadvertence, surprise, or excusable neglect." The Order was none of these. In any event, Rule 60(b)(1) deals with the litigants' excusable errors, not with mistakes by the court. Any court-made clerical mistakes, oversights, or omissions made are addressed in subsection (a) of the rule.

long harangue about Judge Bloom and the court's supposed prejudice and immorality.[2] The court has previously informed Goonewardena that "[b]lanket accusations of bias do not constitute legal arguments." (Order at 2.) This statement remains true, and Goonewardena's motion is accordingly DENIED.

SO ORDERED.

Dated: Brooklyn, New York  
       October 26, 2011

s/Nicholas G. Garaufis  
_____  
NICHOLAS G. GARAUFIS  
United States District Judge

---

[2] In addition, Goonewardena levies two specific, but irrelevant, attacks on the Order. He disputes the court's observation that several of his earlier submissions to Judge Bloom "seem to be frivolous," and he quibbles with the court's use of the term "in court" when describing his earlier attempt to play the audio tape. With respect to Goonewardena's first contention, it does not matter whether his discovery-related motions were brought in good faith; the court's point was that Goonewardena has been constantly soliciting Judge Bloom's assistance with discovery and that it was well within her discretion to deny his request that she intervene once again. Goonewardena's second grievance is purely semantic. He insists that his first attempt to play the tape occurred during a deposition and not "in court." Yet Goonewardena's submission (Docket Entry # 61 Ex. C) reveals that deposition was held before Judge Bloom, apparently, in her courtroom.