FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.
★ JAN 31 2012 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
PRASANNA W. GOONEWARDENA,

        Plaintiff,

  -against-

NORTH SHORE LONG ISLAND JEWISH
HEALTH SYSTEM, THE ZUCKER HILLSIDE
HOSPITAL, LUDMILA P. DAHSEVSKY,
Psychiatrist, TINA WALSH, Psychiatrist, PAULINA
WALFISCH, Program Director, MAHENDRA AIREN,
Psychiatrist, JOHN KANE, Chairman, IN SOON YANG,
NP, REMY GALLANT, Mental Health Worker,
CHRISTOPHER PHILLIPS, RN, MARY AFFLERBACH,
Social Worker, EDWARD REDMOND, Social Worker,
JOHN DOE, African American Security Guard, and
GERALD P. RYAN, Security Director,

        Defendants.
----------------------------------------------------------------X

**ORDER**

11-CV-2456 (NGG) (LB)

NICHOLAS G. GARAUFIS, United States District Judge.

    Plaintiff Prananna W. Goonewardena, who is pro se, purports to moves for my recusal pursuant to 28 U.S.C. § 455(a) and (b)(1). (Docket Entry # 95.) This is his second such motion (see First Mot. for Recusal (Docket Entry # 85); Order Denying Mot. for Recusal (Docket Entry # 87).), and so ordinarily it would be barred by the law of the case doctrine.[1] Because Goonewardena is pro se, however, the court will construe his submission liberally as a motion for reconsideration. See Erickson v. Pardus, 551 U.S. 89, 94 (2007).

---

[1] Here, Goonewardena cites both 28 U.S.C. §§ 455(a) and (b)(1). In his original motion for recusal he only cited subsection (a). (See First Mot. for Recusal (Docket Entry # 85).) The added reference to subsection (b)(1) does not make Goonewardena's second motion any less duplicative of his first motion because his argument for recusal remains the same—that I am biased against him because I have failed to rule in his favor on various motions.

Goonewardena points to no change in the law, new evidence,[2] or other grounds that would support reconsideration of his original motion. Cf. Vlahadamis v. Kieran, No. 08-CV-2976 (DRH) (AKT), 2012 U.S. Dist. LEXIS 8228, at *3 (E.D.N.Y. Jan. 24 2012) ("The major grounds justifying reconsideration are an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." (quoting Virgin Atl. Airways v. Nat'l Mediation Bd., 956 F.2d 1245, 1255 (2d Cir. 1992)) (internal quotation marks omitted)). Accordingly, his motion is DENIED.

SO ORDERED.

Dated: Brooklyn, New York
January 27, 2012

s/Nicholas G. Garaufis
_____
NICHOLAS G. GARAUFIS
United States District Judge

---

[2] What Goonewardena describes as "new evidence" is nothing more than newspaper editorials about an unrelated case pending before the court.